United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40489
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEBASTIAN MARTINEZ-CARRISALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1445-ALL
--------------------

Before DUHE', EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Sebastian Martinez-Carrisales appeals from his conviction of being found in the United States after deportation following a conviction of an aggravated felony. He contends that the district court erred by adjusting his offense level by 16 levels for commission of a crime of violence based on a 1999 Illinois conviction of residential burglary. He argues that his burglary conviction was not an aggravated felony for sentencing purposes and, for the first time on appeal, that the Sentencing Commission

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not intend for the crime-of-violence adjustment to apply to offenses that are not also aggravated felonies. He also contends for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The district court did not err by adhering to a literal interpretation of the language of the U.S.S.G. § 2L1.2(b)(1)(A), which provides for a 16-level adjustment for commission of a crime of violence. Interpretation of the Sentencing Guidelines is subject to ordinary rules of statutory construction, and if the guideline's language is unambiguous, our inquiry begins and ends with an analysis of the plain meaning of that language. *United States v. Carbajal*, 290 F.3d 277, 283 (5th Cir.), *cert. denied*, 537 U.S. 934 (2002). The only exception to this rule is when a clear contrary legislative intention is shown, an exception that applies only in "rare and exceptional circumstances." *See Ardestani v. INS*, 502 U.S. 129, 135-36 (1991). Martinez has not established that the commentary to and history of the amended U.S.S.G. § 2L1.2 establish that the Commission did not intend that some offenses that do not qualify as "aggravated felonies" within the meaning of the guideline nonetheless warrant the guideline's top offense-level increase.

Martinez's *Apprendi* contention is foreclosed by the caselaw of this court. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th

2

Cir. 2000).  Martinez concedes that his contention is foreclosed, but he raises it to preserve it for further review.

AFFIRMED.